Ernest Allen BAILEY, Petitioner—
Appellee,

v.

Maggie MILLER–STOUT,
Respondent—Appellant.

Ernest Allen Bailey, Petitioner—
Appellant,

v.

Maggie Miller–Stout, Respondent—
Appellee.

Nos. 04–35852, 04–36035.

D.C. Nos. CV–03–05476–RBL,
CV–03–05476–RBL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided June 17, 2005.

As amended Aug. 19, 2005.

David B. Zuckerman, Esq., Law Office of David B. Zuckerman, Seattle, WA, for Petitioner–Appellee and Petitioner–Appellant.

John Joseph Samson, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellant and Respondent–Appellee.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM *

The district court granted Petitioner Ernest Allen Bailey's petition for habeas corpus on the grounds that his state court conviction for first-degree murder and conspiracy to commit first-degree murder violated *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Respondent Maggie Miller–Stout appeals, and Petitioner cross-appeals from the district court's denial of two additional claims. On de novo review, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.2000), we affirm on the *Bruton* claim and, because a new trial is required, need not and do not reach any of the other issues.

We apply the very high standard required by 28 U.S.C. § 2254(d); habeas relief is available here only if the state court's adjudication of the claim involved an unreasonable application of clearly established federal law as declared by the Supreme Court. *Bruton*, and *Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), provide the clearly established federal law. In this case the state court's adjudication involved an unreasonable application of those cases for the reasons given by the district court.

AFFIRMED.

GRABER, Circuit Judge, specially concurring:

I concur because the state court's adjudication involved an unreasonable application of *Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). *Gray* held that redacted statements of a non-testifying co-defendant that continue to refer to the defendant's existence, but "that replace a proper name with an obvious blank, the word 'delete,' a symbol, or similarly notify the jury that a name has been deleted," violate a defendant's constitutional rights even if an inference is required to determine that the omitted person is the defendant. *Id.* at 195. The use of a nickname is the kind of notification that would violate *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Gray*, 523 U.S. at 195.

Here, Youngblood said that he had to leave town because his Mansfield "home-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

boy" was involved in the murders in Bremerton. The Mansfield Gangster Crips is the name of the gang to which Petitioner belonged, according to the evidence. The other people about whom there was testimony concerning the commission of the murders belonged either to the Acacia Blocc Compton Crip gang or the Santana Blocc Crips. Of all the characters in this drama, then, *only* Petitioner met the description of a Mansfield "homeboy" because the others all were associated with different gangs. It was objectively unreasonable for the state court to hold that a direct, identifying, incriminating reference to the co-defendant did not violate *Bruton*.